## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AOL INC., AOL ADVERTISING INC., and QUIGO TECHNOLOGIES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO! INC. and OVERTURE SERVICES, INC.,<br><br>Defendants. | No. 09 Civ. 3774 (WHP)<br><br>JURY DEMAND<br><br>Judge William H. Pauley |

## ANSWER TO AMENDED COUNTERCLAIMS

Plaintiffs AOL Inc. ("AOL"), formerly known at AOL LLC, AOL Advertising Inc. ("AOL Advertising"), formerly known as Platform-A Inc., and Quigo Technologies LLC ("Quigo") (collectively, the "AOL Plaintiffs"), for their Answer to Counterclaims of Defendant and Counterclaimant Yahoo! Inc. ("Yahoo!") hereby respond as follows:

### NATURE OF THE ACTION

1.      AOL Plaintiffs admit that this purports to be an action arising under the Patent Laws of the United States, but AOL Plaintiffs deny any infringement of any valid claim of U.S. Patent Nos. 6,078,866, 6,269,361, 6,546,386, 6,907,566, 7,043,483, 7,107,264, 7,373,599, and 7,702,541 (collectively, "the Asserted Patents").

### THE PARTIES

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

## JURISDICTION AND VENUE

6.    Admitted.

7.    Admitted.

8.    Admitted.

## COUNT 1

### Infringement of U.S. Patent No. 6,078,866

9.    AOL Plaintiffs repeat and reallege the responses to paragraphs 1 through 8 above, as though fully set forth herein.

10.    AOL Plaintiffs admit that, on its face, U.S. Patent No. 6,078,866 (the "'866 Patent"), entitled "Internet Site Searching and Listing Service Based on Monetary Ranking of Site Listings," specifies an issue date of June 20, 2000. Except as expressly admitted, AOL Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Counterclaim, and therefore deny those allegations.

11.    Denied.

12.    Denied.

13.    Denied.

## COUNT 2

### Infringement of U.S. Patent No. 6,269,361

14.    AOL Plaintiffs repeat and reallege the responses to paragraphs 1 through 13 above, as though fully set forth herein.

15.    AOL Plaintiffs admit that, on its face, U.S. Patent No. 6,269,361 (the "'361 Patent"), entitled "System and Method for Influencing a Position on a Search

Result List Generated by a Computer Network Search Engine," specifies an issue date in July 2001. Except as expressly admitted, AOL Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Counterclaim, and therefore deny those allegations.

    16.    Denied.

    17.    Denied.

    18.    Denied.

**COUNT 3**

**Infringement of U.S. Patent No. 6,546,386**

    19.    AOL Plaintiffs repeat and reallege the responses to paragraphs 1 through 18 above, as though fully set forth herein.

    20.    AOL Plaintiffs admit that, on its face, U.S. Patent No. 6,546,386 (the "'386 Patent), entitled "Brilliant Query System," specifies an issue date of April 8, 2003. Except as expressly admitted, AOL Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 of the Counterclaim, and therefore deny those allegations.

    21.    Denied.

    22.    Denied.

    23.    Denied.

**COUNT 4**

**Infringement of U.S. Patent No. 6,907,566**

    24.    AOL Plaintiffs repeat and reallege the responses to paragraphs 1 through 23 above, as though fully set forth herein.

25.     AOL Plaintiffs admit that, on its face, U.S. Patent No. 6,907,566, entitled "Method and System for Optimum Placement of Advertisements on a Webpage," specifies an issue date of June 14, 2005.  Except as expressly admitted, AOL Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Counterclaim, and therefore deny those allegations.

26.     Denied.

27.     Denied.

28.     Denied.

## COUNT 5

### Infringement of U.S. Patent No. 7,043,483

29.     AOL Plaintiffs repeat and reallege the responses to paragraphs 1 through 28 above, as though fully set forth herein.

30.     AOL Plaintiffs admit that, on its face, U.S. Patent No. 7,043,483, entitled "System and Method Allowing Advertisers to Manage Search Listings in a Pay for Placement Search System Using Grouping," specifies an issue date of May 9, 2006. Except as expressly admitted, AOL Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 of the Counterclaim, and therefore deny those allegations.

31.     Denied.

32.     Denied.

33.     Denied.

## COUNT 6

### Infringement of U.S. Patent No. 7,107,264

34.     AOL Plaintiffs repeat and reallege the responses to paragraphs 1 through 33 above, as though fully set forth herein.

35.     AOL Plaintiffs admit that, on its face, U.S. Patent No. 7,107,264, entitled "Content Bridge for Associating Host Content and Guest Content Wherein Guest Content is Determined by Search," specifies an issue date of September 12, 2006.  Except as expressly admitted, AOL Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 of the Counterclaim, and therefore deny those allegations.

36.     Denied.

37.     Denied.

38.     Denied.

## COUNT 7

### Infringement of U.S. Patent No. 7,373,599

39.     AOL Plaintiffs repeat and reallege the responses to paragraphs 1 through 38 above, as though fully set forth herein.

40.     U.S. Patent No. 7,373,599, entitled "Method and System for Optimum Placement of Advertisements on a Webpage," specifies an issue date of May 13, 2008. Except as expressly admitted, AOL Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of the Counterclaim, and therefore deny those allegations.

41.     Denied.

42.     Denied.

43.     Denied.

## COUNT 8

## Infringement of U.S. Patent No. 7,702,541

44.     AOL Plaintiffs repeat and reallege the responses to paragraphs 1 through 43 above, as though fully set forth herein.

45.     U.S. Patent No. 7,702,541, entitled "Targeted E-Commerce System," specifies an issue date of April 20, 2010.  Except as expressly admitted, AOL Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 of the Counterclaim, and therefore deny those allegations.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

## PRAYER FOR RELIEF

51.     Numbered Paragraphs 1 through 6 following Paragraph 50 of the Counterclaim comprise the prayer for relief to which no response is required.  To the extent that any response is required, AOL Plaintiffs deny that they have infringed any valid and enforceable claim of the Asserted Patents and deny that Yahoo! is entitled to any relief whatsoever against AOL Plaintiffs, either as requested or otherwise.  AOL

Plaintiffs further deny each and every allegation related to AOL Plaintiffs contained in the Counterclaim to which AOL Plaintiffs have not specifically responded.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Counterclaim, AOL Plaintiffs assert the following defenses. AOL Plaintiffs reserve the right to amend their answer with additional defenses as further information is obtained.

### First Defense: Noninfringement

52.    AOL Plaintiffs have not and do not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the Asserted Patents.

### Second Defense: Invalidity

53.    On information and belief, the asserted claims of the Asserted Patents are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

### Third Defense: Prosecution History/Claim Construction Estoppel

54.    On information and belief, as a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications that ultimately issued as the Asserted Patents and/or the application or applications to which the Asserted Patents claim priority, Yahoo! is estopped from asserting any construction of the claims of the Asserted Patents sufficiently broad to cover or include any product made, used, sold, offered for sale in, or imported into, the United States by AOL Plaintiffs and are further estopped from arguing infringement under the doctrine of equivalents.

### Fourth Defense:  Failure to Mark

55.     Prior to their receiving a copy of the Counterclaim, AOL Plaintiffs did not have actual or constructive notice of any act of alleged infringement on their part, and, on information and belief, to the extent any of Yahoo!'s products or its licensees use the subject matter of any claims of the '541 Patent, Yahoo!'s failure to mark their products and its failure to require any licensees to mark their products pursuant to 35 U.S.C. § 287 precludes it from recovering damages pursuant to that provision.

### Fifth Defense:  Laches

56.     On information and belief, pursuant to the equitable doctrine of laches, Yahoo!'s claims for damages are barred because of Yahoo!'s delay in bringing its claims.

### Sixth Defense:  Unavailability of Injunctive Relief (Adequate Remedy of Law)

57.     Claims by Yahoo! for preliminary injunctive relief are barred as a matter of law because Yahoo! has an adequate remedy at law for any claims included in this Counterclaim that Yahoo! may ultimately prevail on.

### Seventh Defense:  Unavailability of Injunctive Relief (Undue Delay)

58.     Claims by Yahoo! for preliminary injunctive relief are barred in whole or in part because of Yahoo!'s undue delay in seeking such relief.

### Eighth Defense:  Unavailability of Injunctive Relief (No Irreparable Harm)

59.     Claims by Yahoo! for preliminary injunctive relief are barred as a matter of law because Yahoo! has not suffered any irreparable harm as a result of the acts alleged in the Counterclaim.

## Ninth Defense:  Unavailability of Relief (Prosecution Laches)

60.     Pursuant to the equitable doctrine of laches, Yahoo!'s claims for damages are barred because of Yahoo! delay in prosecuting the applications that ultimately issued as the Asserted Patents and/or the application or applications to which the Asserted Patents claim priority.

## AOL PLAINTIFFS' ADDITIONAL CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,702,541

Plaintiffs AOL Inc. ("AOL"), formerly known at AOL LLC, AOL Advertising Inc. ("AOL Advertising"), formerly known as Platform-A Inc., and Quigo Technologies LLC ("Quigo") (collectively, the "AOL Plaintiffs"), by way of their fifteenth and sixteenth claims against defendants Yahoo! Inc. ("Yahoo!") and Overture Services, Inc. ("Overture") (collectively, the "Yahoo! Defendants"), state:

### NATURE OF THE CLAIM

1.     This is a claim brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 7,702,541 ("the '541 Patent") under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq*.

### THE PARTIES

2.     Plaintiff AOL is a Delaware limited liability company with its principal place of business at 22000 AOL Way, Dulles, Virginia 20166.

3.     Plaintiff AOL Advertising is a Maryland corporation, and wholly owned subsidiary of AOL, with its principal place of business at 770 Broadway, New York, New York 10003.

4.      Plaintiff Quigo is a Delaware corporation, and wholly owned subsidiary of AOL and AOL Advertising, with its principal place of business at 770 Broadway, New York, New York 10003.

5.      Upon information and belief, Defendant Yahoo! is a Delaware corporation with its principal place of business at 701 First Avenue, Sunnyvale, California 94089.

6.      Upon information and belief, Defendant Overture is a Delaware corporation, and wholly owned subsidiary of Yahoo!, with its principal place of business at 74 North Pasadena Avenue, Pasadena, California 91103.

<u>**JURISDICTION AND VENUE**</u>

7.      The AOL Plaintiffs bring this claim under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment of non-infringement and invalidity of the Asserted Patents under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* Since this action arises under the Patent Laws of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      On information and belief, this Court has personal jurisdiction over the Yahoo! Defendants because the Yahoo! Defendants have constitutionally sufficient contacts with New York so as to make personal jurisdiction proper in this Court.  In particular, on information and belief, the Yahoo! Defendants conduct or solicit business within this district and elsewhere in New York, and derive substantial revenue from the sales of their products and/or services within this district and elsewhere in New York. The Yahoo! Defendants also asserted the '541 Patent against the AOL Plaintiffs in this lawsuit.

9.      Venue in this judicial district is conferred under 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

10.      U.S. Patent No. 7,702,541, entitled "Targeted E-Commerce System," was issued by the United States Patent and Trademark Office after Plaintiffs served their Complaint in this lawsuit.

11.      On October 29, 2010, the Yahoo! Defendants asserted the '541 Patent in their Amended Counterclaims against the AOL Plaintiffs in this lawsuit.

12.      Declaratory relief is appropriate at this time so that the parties may ascertain their rights and duties relevant to the '541 Patent.

## COUNT 15

### Declaratory Judgment of Non-infringement of the '541 Patent

13.      Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 12 above, as though fully asserted herein.

14.      The Yahoo! Defendants have alleged that the AOL Plaintiffs are infringing the '541 Patent.  Plaintiffs AOL and AOL Advertising now own and operate the accused AdSonar system.

15.      The AOL Plaintiffs have not infringed and are not now infringing directly or indirectly, or have not induced or contributed to and are not now inducing or contributing to the infringement of, either literally or by application of the doctrine of equivalents, any claim of the '541 Patent.

16.      The AOL Plaintiffs seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '541

Patent to be not infringed by the AOL Plaintiffs and granting the AOL Plaintiffs all other declaratory relief to which they may be entitled.

## COUNT 16

### Declaratory Judgment of Invalidity and Unenforceability of the '541 Patent

17.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 16 above, as though fully asserted herein.

18.     On information and belief, and based on the AOL Plaintiffs' ongoing investigation to date, the claims of the '541 Patents are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112, in view of the following references (collectively, "Cited References"):

- U.S. Patent No. 5,655,116;
- U.S. Patent No. 5,848,396;
- U.S. Patent No. 5,848,397;
- U.S. Patent No. 5,893,111;
- U.S. Patent No. 5,918,014;
- U.S. Patent No. 5,913,040;
- U.S. Patent No. 5,920,856;
- U.S. Patent No. 5,974,398;
- U.S. Patent No. 6,041,323;
- U.S. Patent No. 6,101,491;
- U.S. Patent No. 6,134,532;
- U.S. Patent No. 6,157,923;

- U.S. Patent No. 6,177,931;

- U.S. Patent No. 6,269,361;

- U.S. Patent No. 6,285,987;

- U.S. Patent No. 6,285,999;

- U.S. Patent No. 6,286,000;

- U.S. Patent No. 6,415,281;

- U.S. Patent No. 6,421,675;

- U.S. Patent No. 6,424,973;

- U.S. Patent No. 6,578,022;

- U.S. Patent No. 6,714,975;

- U.S. Patent No. 7,039,599;

- U.S. Patent No. 7,043,450;

- U.S. Patent No. 7,136,875;

- U.S. Patent No. 7,290,061;

- U.S. Patent No. 7,437,312;

- U.S. Published Application No. 2007/0299682;

- U.S. Published Application No. 2005/0091106;

- WO/2001/72040;

- WO/2004/053732;

- WO/2001/02984;

- WO/2001/24045;

- WO/1995/02221;

- Jones, S., Paynter, G., *Topic-Based Browsing Within a Digital Library Using Keyphrases*, ACM DL '99, August 11-14, 1999, pp. 114-121;

- Jones, S., Staveley, M., *Phrasier: A System for Interactive Document Retrieval Using Keyphrases*, ACM SIGIIR '99, August 15-19, 1999, pp. 160-167;

- Goto.com's system in 1998 – see Danny Sullivan, *GoTo Sells Positions*, The Search Engine Report, March 3, 1998; see also *Goto.com Announces First Round of Financing, Totaling More Than $6 Million, Led by Draper Fisher Jurveston*, Business Wire, May 19, 1998; and

- HitsGalore.com's system in 1999 – see printout of HitsGalore.com's website copyrighted 1999.

19.     The AOL Plaintiffs seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '541 Patent to be invalid and/or unenforceable for reasons including, but not limited to, failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112, and granting the AOL Plaintiffs all other declaratory relief to which they may be entitled.

**PRAYER FOR RELIEF**

WHEREFORE, AOL Plaintiffs pray for the following relief:

A.     The Court enter judgment declaring that the AOL Plaintiffs have not willfully or otherwise infringed, contributed to the infringement of, nor induced infringement of any claim of the '541 Patent;

B.      The Court enter judgment declaring that the claims contained in the '541 Patent are invalid and/or unenforceable;

C.      The Court enter judgment dismissing Yahoo!'s counterclaims in their entirety with prejudice;

D.      The Court issue a declaration that this case is "exceptional" under 35 U.S.C. § 285;

E.      The Court award the AOL Plaintiffs their costs and expenses for this action, including reasonable attorneys' fees;

F.      The Court award to the AOL Plaintiffs further necessary and proper relief under 28 U.S.C. § 2202; and

G.      The Court grant to the AOL Plaintiffs such other and further relief as the Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

The AOL Plaintiffs hereby demand a jury trial in this action.

Dated: November 15, 2010

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____

Paul R. Gupta (PG 3139)
W. Benjamin Tabler (WT 4418)
Joseph A. Sherinsky (JS 0928)
51 West 52nd Street
New York, New York 10019
Tel: (212) 506-5000
Fax: (212) 506-5151

*Attorneys for Plaintiffs*
*AOL Inc., AOL Advertising Inc., and Quigo*
*Technologies LLC*