IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AOL INC., AOL ADVERTISING INC., and QUIGO TECHNOLOGIES LLC | ) ) ) No. 09 Civ. 3774 (WHP) |
| Plaintiffs, | ) ) JURY DEMAND ) |
| v. | ) ) ) Judge William H. Pauley |
| YAHOO! INC. and OVERTURE SERVICES, INC. | ) ) ) ) |
| Defendants. | ) |

**ANSWER TO THE AOL PLAINTIFF'S ADDITIONAL CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,702,541**

Defendant Yahoo! Inc. ("Yahoo!"), on behalf of itself and as successor in interest to Overture Services, Inc. ("Overture"), answers the Additional Claim for Declaratory Judgement of Non-Infringement and Invalidity of U.S. Patent No. 7,702,541 filed by Plaintiffs, AOL Inc. ("AOL"), formerly known as AOL LLC, AOL Advertising Inc. ("AOL Advertising"), formerly known as Platform-A Inc. ("Platform-A"), and Quigo Technologies LLC ("Quigo") (collectively, the "AOL Plaintiffs"), as follows:

**NATURE OF THE ACTION**

1. Yahoo! admits that this purports to be an action arising under the Patent Laws of the United States. Yahoo! denies the remaining allegations in this paragraph regarding non-infringement and invalidity.

## THE PARTIES

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied. In 2008, Overture was liquidated and merged into Yahoo!. Overture no longer exists as a corporation. Yahoo! is the successor in interest to Overture.

## JURISDICTION AND VENUE

7. Yahoo! admits that this purports to be an action arising under the Patent Laws of the United States. Yahoo! further admits that the Court has subject matter jurisdiction over cases arising under the Patent Laws. Yahoo! denies the remaining allegations in this paragraph regarding non-infringement and invalidity.

8. Yahoo! admits that the Court has personal jurisdiction over Yahoo!. Overture no longer exists, so the allegations regarding Overture are denied.

9. Yahoo! admits that venue is proper in this judicial district.

## BACKGROUND

10. Admitted.

11. Admitted.

12. Yahoo! denies that a declaratory judgment of non-infringement or invalidity is appropriate.

## COUNT 15

**Declaratory Judgment of Non-infringement of the '541 Patent**

13.     Yahoo! incorporates by reference its answers to paragraphs 1 through 12 above.

14.     Admitted.

15.     Denied.

16.     Yahoo! admits that the AOL Plaintiffs seek a declaratory judgment from the Court. Yahoo! denies that the declaratory judgment the AOL Plaintiffs seek is appropriate.

## COUNT 16

**Declaratory Judgment of Invalidity and Unenforceability of the '541 Patent**

17.     Yahoo! incorporates by reference its answers to paragraphs 1 through 16 above.

18.     Denied.

19.     Yahoo! admits that the AOL Plaintiffs seek a declaratory judgment from the Court. Yahoo! denies that the declaratory judgment the AOL Plaintiffs seek is appropriate.

20.     Yahoo! denies all other allegations in connection with the AOL Plaintiff's claims for declaratory relief.

## PRAYER FOR RELIEF

Yahoo! admits that the plaintiffs seek the relief requested in paragraphs A through G, but denies that the plaintiffs are entitled to the relief requested or any relief whatsoever. Yahoo! denies the remaining allegations in these paragraphs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The AOL Plaintiffs have been and still are infringing, contributing to the infringement of, and/or inducing the infringement of claims of U.S. Patent No. 7,702,541 (the "'541 Patent") by operating the AdSonar system.

### Second Affirmative Defense

The claims of the '541 Patent are valid and enforceable.

### Third Affirmative Defense

The Complaint fails to allege facts sufficient to state a claim for unenforceability of the '541 Patent.

WHEREFORE, Yahoo! prays for the following relief:

A.  dismissal of the Amended Complaint with prejudice;

B.  a judgment that the AOL Plaintiffs infringe the claims of the '541 Patent;

C.  a judgment that the claims of the '541 Patent are not invalid or unenforceable;

D.  a finding by the Court that this case is exceptional under 35 U.S.C. § 285;

E.  an award to Yahoo! for its reasonable expenses, including attorneys' fees, and costs of this action; and

F.  such other and further relief as the Court finds just and proper.

**JURY DEMAND**

Yahoo! demands a jury trial on all counts so triable.

Respectfully submitted,

Date:  November 30, 2010          /s/ *Charles M. McMahon*

                                  Charles M. McMahon
                                  BRINKS HOFER GILSON & LIONE
                                  NBC Tower Suite 3600
Of counsel:                       455 N. Cityfront Plaza Drive
                                  Chicago, Illinois 60611
Matthew Brennan Rowland (MR-1014) Tel.:  (312) 321-4200
DAVIS POLK & WARDWELL LLP         Fax:  (312) 321-4299
450 Lexington Avenue
New York, NY 10017                Of counsel:
Tel.:  (212) 450-4000
Fax.:  (212) 701-5800             Ralph J. Gabric
                                  Gary Ropski
Matthew B. Lehr (ML-9982)         Danielle Anne Phillip (DP-2295)
Anthony I. Fenwick                Manish K. Mehta
Jesse Dyer                        BRINKS HOFER GILSON & LIONE
DAVIS POLK & WARDWELL LLP         NBC Tower Suite 3600
1600 El Camino Real               455 N. Cityfront Plaza Drive
Menlo Park, CA 94025              Chicago, Illinois 60611
Tel.:  (650) 752-2000             Tel.:  (312) 321-4200
Fax:  (650) 752-2111              Fax:  (312) 321-4299

Attorneys for YAHOO! INC.